PER CURIAM.
Lateesia Jordan appeals a final judgment and sentence entered after she pled no contest to one count of aggravated *254 assault on a law enforcement officer. She raises one issue on appeal, arguing that the trial court erred by imposing a three-year minimum mandatory sentence pursuant to the Law Enforcement Protection Act (“LEPA”), section 775.0823, Florida Statutes (2010). We agree that LEPA does not require a three-year minimum mandatory sentence and that the trial court erred by listing LEPA as the basis for the three-year minimum mandatory sentence in Jordan’s final judgment and sentence. See Dutton v. State, 89 So.3d 963, 963 (Fla. 1st DCA 2012).
However, the record reflects that the error was merely clerical. Aggravated assault on a law enforcement officer is a second-degree felony that carries a three-year minimum mandatory sentence. § 784.07(2)(c), Fla. Stat. (2010). Furthermore, Jordan acknowledged during her plea colloquy that her sentence would include a three-year minimum mandatory sentence for her plea to aggravated assault on a law enforcement officer. We hold that the trial court properly imposed the minimum mandatory sentence pursuant to the crime charged, but we remand with instructions that the trial court correct the final judgment and sentence to reflect that the minimum mandatory term was imposed pursuant to section 784.07(2)(c), Florida Statutes.

Affirmed and Remanded for proceedings consistent with this opinion.

TAYLOR, CIKLIN and LEVINE, JJ., concur.